UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAURY CARSON MORRIS,

        Petitioner,

v.                                Case No: 2:18-cv-234-FtM-29CM
                                   Case No. 2:14-CR-20-FTM-29CM

UNITED STATES OF AMERICA,

        Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #326)[1] and Memorandum in Support (Cv. Doc. #2) filed on April 9, 2018. The government filed a Response in Opposition to Motion (Cv. Doc. #8) on June 4, 2018.

**I.**

On May 14, 2014, a federal grand jury in Fort Myers, Florida returned a nine-count Indictment (Cr. Doc. #31) charging petitioner with conspiracy to possess with intent to distribute cocaine, crack cocaine, and heroin, in violation of 21 U.S.C. § 841 and § 846 (Count One), and possession with intent to distribute

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

and distribution of heroin and cocaine, in violation of 21 U.S.C. 841 and § 2 (Count Seven). Petitioner was not charged in the remaining counts.

On March 20, 2015, the jury returned a Verdict (Cr. Doc. #194) of guilty on the conspiracy to possess with intent to distribute cocaine, and to possess with intent to distribute heroin, but not guilty as to the cocaine base. The jury also returned a guilty verdict on the possession with intent to distribute and distribution of cocaine.

On July 20, 2015, the Court sentenced petitioner to a term of imprisonment of 180 months, followed by a term of supervised release. (Cr. Doc. #237.) Judgment (Cr. Doc. #238) was filed on July 21, 2015. Petitioner timely appealed, and the Eleventh Circuit affirmed his convictions and sentence on April 12, 2017. (Cr. Doc. #307.) Petitioner did not challenge his sentence on appeal. United States v. Lesane, 685 F. App'x 705, 714 (11th Cir. 2017).

Petitioner's current motion was timely filed as the government agrees. (Cv. Doc. #8, p. 5.)

**II.**

**A. Evidentiary Hearing Standard**

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . .

." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715. See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (a hearing is not necessarily required whenever ineffective assistance of counsel is asserted). To establish entitlement to an evidentiary hearing, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance." Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015). Viewing the facts alleged in the light most favorable to petitioner, the Court finds that the record establishes that petitioner is not entitled to relief, and therefore an evidentiary hearing is not required.

**B. Ineffective Assistance of Counsel Standard**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and

(2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. See also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (the Court looks to facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-

90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

### C. Merits

Petitioner argues that his sentence should not have been enhanced under U.S. Sentencing Guidelines § 4B1.1 because one of the prior offenses used to designate him as a career offender was not a qualifying controlled substance offense. Petitioner argues that the issue was not raised on direct appeal because the basis for the argument did not arise until the decision issued in United States v. Mathis, 136 S. Ct. 2243 (2016). Petitioner argues ineffective assistance of counsel for the failure to raise the career offender enhancement issue. The government agrees that petitioner's claim is cognizable in the context of an ineffective assistance of counsel claim.

### 1. Original Sentence

Under the 2014 U.S. Sentencing Guidelines Manual, petitioner's Base Offense Level was a 24 based on the drug quantity of at least 100 kilograms of marijuana but less than 400 kilograms of marijuana. Petitioner was deemed a career offender because he

was at least 25 years old when he committed the current controlled substance offenses, and petitioner had the following two prior felony convictions for a controlled substance offense:

- (a) Sale or Delivery of Cocaine, Lee County Circuit Court, Docket No. 02-CF-4765, a felony controlled substance offense, convicted on May 7, 2003, and

- (b) Possess Cocaine with Intent to Distribute Within 1,000ft of a Church, Miami-Dade County Circuit Court, Docket No. 05-CF-38711, a felony controlled substance offense, convicted on November 21, 2007.

As a career offender, petitioner's Total Offense Level became a 32, and his Criminal History Category was a VI. This provided a range of imprisonment of 210 months to 262 months. At sentencing, counsel argued that petitioner's criminal history was overrepresented, and that for this reason, petitioner had an objection to the career offender application. (Cr. Doc. #284, pp. 13-14.) Counsel argued that the prior drug convictions were for very small quantities, one was $60 worth of drugs, and one of them only had an imposed sentence of 4 months and 28 days. Counsel asked that the criminal history category be reduced to a Category V. (Id., p. 14.) As to the career offender application, counsel made the same argument as to why it should not apply, i.e. the non-seriousness of the offenses.

The Court found that the U.S. Probation Office properly scored petitioner as a career offender but also found it did not preclude the Court from considering a downward departure. (Id., p. 19.) In the end, the Court did not find that a person with seven felony convictions and multiple misdemeanor convictions was overrepresented in his criminal history. (Id.) Counsel requested a variance on the career offender application and petitioner himself stated that the Court was "really, really over-sentencing [him] on the charges that [he] was convicted of." (Id., p. 22.) The Court found a variance was appropriate after considering "Defendant's criminal history, the nature of the offenses, the point level, the Defendant's involvement in the conspiracy, and the date. . . ." (Id., p. 28.) The Court imposed a sentence below this guideline range noting petitioner's criminal history and limited role in the offense of conviction in addition to all other factors identified in 18 U.S.C. § 3553(a)(1)-(7). (Cr. Doc. #314.)

**2. Career Offender Status**

A defendant is a career offender if he or she was "at least eighteen years old at the time the defendant committed the instant offense of conviction"; "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense"; and "the defendant has at least two prior felony

convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a).

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S. Federal Sentencing Guidelines Manual § 4B1.2(b). For a divisible statute like Fla. Stat. § 893.13, the Court uses a "modified categorical approach" by looking at the underlying documents to determine what crime, and with what elements, a defendant was convicted of. Mathis v. United States, 136 S. Ct. 2243, 2249 (2016). The Court no longer needs to "search for the elements of the "generic" federal definition of a 'controlled substance offense' because that term was already defined in the Sentencing Guidelines." United States v. Riley, 651 F. App'x 886, 888 (11th Cir. 2016) (citing United States v. Smith, 775 F.3d 1262, 1267 (11th Cir. 2014)), cert. denied, 137 S. Ct. 324, 196 L. Ed. 2d 236 (2016).

### a. The 2002 Conviction

In 2002, it was unlawful "to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a) (2002). Because

the statute provides 6 alternative elements, it is considered a divisible statute. Spaho v. United States Attorney Gen., 837 F.3d 1172, 1177 (11th Cir. 2016).

The 2002 Information reflects charges for the unlawful sale or delivery of cocaine, a Second Degree Felony, in violation of Fla. Stat. § 893.13(1)(a), and possession of cocaine, a Third Degree Felony, in violation of Fla. Stat. § 893.13(6)(a). Petitioner entered a plea of nolo contendere to both counts and was adjudicated guilty. (Cv. Doc. #8-1.)

### b. The 2005 Conviction

In late 2005, it was "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance not authorized by law in, on, or within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services or within 1,000 feet of a convenience business." Fla. Stat. § 893.13(1)(e) (2005).

The 2005 Information charged petitioner with cocaine/sale/possess w/intent to sell w/i 1000 FT of a Church or Convenience Store. In Count 1 it states that petitioner did sell, manufacture, or deliver cocaine within 1,000 feet of Liberty City Church, which regularly conducts religious services, in violation of Fla. Stat. § 893.13(1)(e)1. Petitioner entered a plea of guilty and was adjudicated guilty. (Cv. Doc. #8-2.)

It is well settled that Section 893.13(1) is considered both a "serious drug offense" and a "controlled substance offense". United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014). The sale or delivery of cocaine clearly qualifies as a controlled substance offense, and therefore the motion will be denied on the merits. See, e.g., United States v. Washington, 707 F. App'x 687, 690 (11th Cir. 2017), cert. denied, 138 S. Ct. 692 (2018) (a conviction under Fla. Stat. § 893.13(1) qualifies as a serious drug offense); United States v. Williams, 700 F. App'x 895, 898 (11th Cir. 2017) (holding that Fla. Stat. § 893.13(1)(a) qualifies as a serious drug offense under the Armed Career Criminal Act).

As to the argument that Florida defines sale to include the broader "offer to sell", the Court finds no merit as no such alternative is listed in the statute.

**3. Ineffective Assistance**

Petitioner argues that counsel did not object to the prior convictions as proper predicate offenses, but rather only questioned the seriousness of the offenses for purposes of the career offender enhancement. Petitioner further argues that counsel failed to preserve an objection to the career offender enhancement for appellate and collateral review. While true statements, the Court finds that the arguments are without merit.

As discussed above, there was no basis to argue that the predicate offenses should not be counted. Both clearly qualified

as controlled substance offenses based on the Information filed in each case.  The only viable argument that could have been made was that the offenses were actually minor, and counsel was successful in arguing for a variance.  Petitioner cannot show prejudice.  The motion will be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #326) is **DENIED**.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282

(2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of October, 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA